THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE CLAYPOOLE, PLAINTIFF IN ERROR.

Decided June 10, 1927.

**Crimes—Conspiracy to Obstruct Justice—No Error in Refusal to Quash Indictment Nor to Arrest Judgment on Ground That Defendant Only was Charged, This Being Contrary to Facts—No Error in Court's Action Granting Severance of Trial, Section 64 of the Criminal Procedure Act Not Applicable and the Matter of Severance Within Sound Discretion of Court—Assignment of Error or Stipulation of Cause For Reversal Must Set Out the Subject-Matter of the Objection With Such Distinctness and Particularity That This Court May be Informed of the Error Relied Upon—Many Points For Reversal Considered and Judgment Affirmed.**

On error to Morris County Court of Oyer and Terminer.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff in error, *William A. Dolan.*

For the defendant in error, *Albert H. Holland,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was convicted in the Court of Oyer and Terminer of Morris county on an indictment charging that he, with Raymond Tillotson and Andrew McDonough, together with divers other persons of evil minds, whose names are as yet unknown to the grand inquest, willfully, maliciously, knowing, corruptly and unlawfully did combine, unite, confederate, conspire and bind themselves together by agreement to pervert and obstruct justice and the due administration of the law of the State of New Jersey.

The record of the case shows that there was a motion made on behalf of the plaintiff in error, George Claypoole, to quash the indictment, which motion was subsequently, after the

conviction of the plaintiff in error, supplemented by a motion in arrest of judgment, both of which motions were denied by the trial judge, and we think properly so. The ground of the motions was that but one defendant is charged on the allegation of conspiracy. But this statement is contrary to the fact, for the indictment expressly charges a conspiracy between the three persons mentioned in the indictment and with other persons unknown to the grand jury, to pervert and obstruct justice and the due administration of the law of the State of New Jersey. From the record it further appears that on motion of the prosecutor of the pleas, on behalf of the State of New Jersey, for a severance, the motion was granted, resulting in putting the plaintiff in error on trial alone.

This action of the trial judge is assigned as a ground for reversal, in that in the absence of proof that other defendants charged were dead, convicted or impossible to apprehend, there could not legally be a severance. To sustain this contention it is argued that the return to the indictment shows only the defendant Claypoole was tried, and the two other defendants, Tillotson and McDonough, appeared as witnesses in the case, and as they were not convicted, therefore the plaintiff in error could not be properly tried and convicted. This contention, manifestly, overlooks the fact that the indictment as above indicted not only charged conspiracy between the persons mentioned therein by name, but also with persons unknown to the grand jury, and, hence, it is obvious that the objection advanced by counsel is without legal force.

But it is further urged by counsel that a severance in a conspiracy case is not lawfully permissible since it is expressly forbidden by section 64 of the Criminal Procedure act (Revision of 1898). *Comp. Stat.* 1910, *p.* 1841.

This section provides that where two or more persons are or shall be jointly indicted for the same offense, except for conspiracy, and such indictment before the trial thereof has been or shall be removed into the Supreme Court of this state, by *certiorari* or otherwise, any one of said persons on

application to Supreme Court, upon affidavit that some one or more of said persons so jointly indicted with him * * * is or are * * * a material witness or witnesses for him on the trial of said indictment * * * shall, by order of said Supreme Court, be allowed a trial separate from the person or persons whom he shall so name as such material witness or witnesses.

It is quite evident, from the language of the statute, that it does not apply to a situation which confronted the trial judge. The statute is only applicable to indictments, which by writ of *certiorari* have been removed into the Supreme Court by an indicted individual or individuals for the purpose of making a motion before that tribunal for a severance.

The provision of the statute neither expressly or impliedly applies to a situation where a motion for a severance is sought in the court of first instance, on behalf of the state. The unquestioned practice in this state for more than fifty years has been for a severance to be granted in the court of first instance on application of the state. The exercise of this power has always been regarded as a matter resting in the sound discretion of the court. The following reported cases in which severances were granted on application of the state, the right not being questioned, are: *Brien et al.* v. *State*, 32 *N. J. L.* 414; *Noyes* v. *State*, 41 *Id.* 418, 429; *affirmed*, 43 *Id.* 672. Both of these cases were conspiracy cases. *State* v. *Sabato*, 91 *Id.* 370; *State* v. *Taylor*, 92 *Id.* 135; *State* v. *Herbert*, 92 *Id.* 341, 343; *State* v. *Gregory*, 93 *Id.* 205; *State* v. *Faure*, 98 *Id.* 18.

Under the third point, on the brief of counsel of plaintiff in error, it is argued that the court improperly admitted in evidence statements made by other than the co-conspirators. The third assignment as well as the third specification of cause for reversal does not give the name of the witness and does not set forth the testimony asserted to be improperly admitted, and therefore cannot be properly considered. It has been repeatedly decided by this court, and the Court of Errors and Appeals, that an assignment of error, or specification of cause for reversal, in order to be valid in law, must

set out the subject-matter of the objection with such dis-
tinctness and particularity so that the court may be in-
formed of the error relied on without being compelled to
search through the entire record for the name of the wit-
ness and the testimony objected to.  It is true that in the
brief of counsel he has set forth with particularity the name
of the witness and the testimony objected to, but we find
upon reference thereto, in the written record, that it was
subsequently struck out by the trial judge.  We have not
examined other parts of the testimony given by this or any
other witness, to which testimony the brief says "objection
was made," for the reason that the testimony objected to
has not been specifically assigned as error or specified as a
cause for reversal.

Under points four, five, six and seven of the brief on behalf
of the plaintiff in error, counsel argues that requests seven,
eight, nine and ten, as submitted by the defendant, state
concisely and correctly the rule of law which govern the
duty of a juryman in arriving at a verdict, &c.  Referring
to assignments four, five, six and seven, we find that they
are couched in the most general language.  Assignment four
will serve as a specimen of the other requests: "Four. Be-
cause the trial court erred in refusing to charge specifically
the defendant's seventh request to charge."  What that re-
quest was, does not appear, nor is the specific error pointed
out in the refusal to charge the request, and this blemish is
present in five, six and seven of the assignments.

Under the eighth assignment of error, counsel on behalf
of plaintiff in error assigns as a ground for reversal that the
court improperly stated to the jury that the defendant said
to alleged conspirators: "Go out now and collect from these
men fifty or a hundred dollars apiece or whatever they can
pay and let them know that if they pay we will see to it
that no further proceeding against them will be had and the
evidence quashed."

It is clear from the statements preceding and following
the criticized statement contained in the charge of the trial
judge that the latter statement was not intended and could

not convey to the jury that it was testimony in these words employed by the trial judge proceeding from the lips of the plaintiff in error, but was rather in the nature of a paraphrase of all the testimony adduced in the case on behalf of the state, relating to the conduct of the plaintiff in error and to his conversations with his alleged co-conspirators, and their conduct of the latter in carrying out the former's instructions to them.

The trial judge said in the beginning of his charge: "* * * and with that idea in mind, according to the state's claim [and I am merely indicating the state's claim here without expressing my own view in the matter], Claypoole had a meeting with these two men, McDonough and Tillotson, and gave them a sheet of typewritten paper, with a half a dozen or more names, one marked S-I" and said: (here follows the language used by the trial judge, and objected to as not being accurate).

It is also to be observed that at the close of the court's charge the court said to the jury "that the court did not give the jury its view of the case, but merely undertook to state the state's case, and it is for you to find out what the facts are."

Under point eight of his brief, counsel of plaintiff in error urges that other statements contained in the court's charge were erroneous. We find no assignment of error nor specification of cause for reversal based upon such alleged errors, and therefore we cannot properly deal with the matter.

The ninth assignment of error is too indefinite and uncertain to receive consideration by the court. It fails to set out what the court said on the subject relating to the testimony of McDonough and Tillotson, so that if there was error in the charge of the trial judge, the specific error is not disclosed.

Under the tenth assignment of error it is argued that the state refused to furnish an adequate bill of particulars, and the defendant had no fair opportunity to prepare for trial.

The bill of particulars printed in the record, *inter alia,* contains in substance a demand on the state to furnish the

plaintiff in error with the evidence intended to be relied on in the trial of the indictment against him. Of course, this was palpably an improper demand. The other matters contained in the bill were answered. Furthermore, if the state had refused, upon a proper demand, to furnish the plaintiff in error with a bill of particulars, the proper course upon such refusal was to apply promptly to the court in which the cause was pending for a further bill. It appears that nothing was done by counsel of plaintiff in error until the case was moved for trial, and then a demand was made for a further bill, and it appearing that the bill of particulars asked for related to the furnishing by the state of the evidence to be relied on by it, on the trial of the cause, the demand was properly refused. We think, also, that the demand for a further bill of particulars came too late, and might well have been refused on that ground alone.

Lastly, it is argued under the eleventh specification of cause for reversal that the verdict is against the weight of the evidence. A careful reading and consideration of the testimony leads us to the conclusion that there was ample evidence to warrant a fair-minded jury to reach the conclusion that the plaintiff in error was guilty, as charged in the indictment.

Judgment is affirmed.